Mieke K. Malmberg
(SBN 209992)
SKIERMONT DERBY LLP
800 Wilshire Blvd., Ste. 1450
Los Angeles, CA 90017
Phone: (213) 788-4500
Fax: (213)788-4545
mmalmberg@skiermontderby.com

Paul J. Skiermont (*pro hac vice*)
(TX Bar No. 24033073)
SKIERMONT DERBY LLP
1601 Elm St., Ste. 4400
Dallas, TX 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
*(Additional counsel identified on signature page)*

*Attorneys for Plaintiff*
BELL NORTHERN RESEARCH, LLC

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BELL NORTHERN RESEARCH, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC., and LG ELECTRONICS MOBILE RESEARCH U.S.A., LLC,<br><br>        Defendants. | C.A. No. 3:18-cv-2864-CAB-BLM<br><br>**PLAINTIFF'S UNOPPOSED MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Judge: Hon. Cathy Ann Bencivengo<br><br>Courtroom: 4C<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS ORDERED SEPARATELY BY THE COURT** |

Plaintiff Bell Northern Research, LLC ("Plaintiff" or "BNR") hereby respectfully moves pursuant to Civil Local Rule 79.2, Patent Local Rule 2.2, and Judge

Bencivengo's Civil Case Procedures Rule V for entry of an order to file under seal documents BNR intends to attach to its brief opposing (in part) Defendants LG Electronics Inc.'s, LG Electronics U.S.A., Inc.'s, and LG Electronics Mobile Research U.S.A., LLC's (collectively, "LG") Motion to File its First Amended Answer [Dkt. 43] (BNR's "Response Brief"), as well as portions of the Response Brief reflecting the contents of those documents.

### I.  Introduction

BNR respectfully requests to file under seal the following documents under seal in support of its Response Brief:

- Letter dated January 23, 2018, Re: Patent Assignment Agreement Payoff [BNR-LG00040691 – 40693];
- Release of Security Interest dated January 25, 2018 [BNR-LG00040694 – 40696]

BNR produced these documents stamped with the above Bates numbers and designated them "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the protective order in this case. They include business documents relating to financial terms and payment pursuant to a highly confidential Patent Assignment Agreement and corresponding release of security interest. The parties to these documents include not just BNR but also four non-parties to this case, including BNR's predecessor-in-interest to the patents at issue in this lawsuit. The documents discuss the confidential payment and release terms agreed upon by BNR and the non-parties to this case, thus containing proprietary business information about the non-party signatories, as well as BNR. The Patent Assignment Agreement to which these documents relate contains a

confidentiality provision as to its terms, which are incorporated in part in these documents.[1]

## II. Argument and Authorities

While there is "a strong presumption in favor of access to court records," this right "is not absolute." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested … that the right to inspect and copy judicial records is not absolute."). Instead, the Court may seal documents attached to a dispositive motion if the public's right of access is outweighed by "compelling reasons" for keeping the material confidential. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court,'" but courts have held documents are properly sealed where court files otherwise might serve "'as sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Warner Commc'ns*, 435 U.S. at 599). Indeed, courts regularly restrict the manner in which confidential business information must be disclosed in the context of public proceedings. *See, e.g.*, *Sorenson Commc'ns, Inc. v. FCC*, 659 F.3d 1035, 1041 n.4 (10th Cir. 2011) (making orders to seal the parties' briefs and a portion of the joint appendix permanent "to protect confidential information relating to [the petitioner's] finances and business practices"); *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, *2 (N.D. Cal. Feb. 9, 2016) (sealing "information about the technical operation of the products, financial revenue data, … and related correspondence"); *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, *1 (N.D. Cal. Feb. 23, 2013) (sealing portions of brief and exhibits containing "proprietary information" about "internal business operations"); *In re*

---

[1] The Court previously granted BNR's motion in a related case involving another defendant that the same Patent Assignment Agreement referenced here be filed under seal. *See* Dkt. 47 & Dkt. 48, *Bell Northern Research, LLC v. Huawei Device (Dongguan) Co., Ltd., et al.*, No. 3:18-cv-1784-CAB-BLM, S.D. Cal. (Mar. 28, 2019).

*Adobe Sys. Inc. Sec. Litig.*, 141 F.R.D. 155, 161-62 (N.D. Cal. 1992) ("[F]ilings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated.").

"Courts in this circuit have also recognized that information subject to confidentiality agreements may also meet the 'compelling reasons' standard when accompanied by a particularized factual showing." *In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2018 U.S. Dist. LEXIS 70648, at *16 (S.D. Cal. 2018) (citing *Foltz*, 331 F.3d at 1137-38). Courts have also found compelling reasons to seal exhibits, including patent assignment and license agreements, when they "involve previous business dealings that are collateral to the issues in this case and they implicate the confidentiality of parties not involved in the current case." *Triquint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2011 U.S. Dist. LEXIS 120627, at *18 (D. Ariz. 2011)

As part of its business, BNR enters into agreements like the Patent Assignment Agreement to which these documents relate, and negotiates similar assignment and licensing agreements. Disclosure of this exhibit would thus harm BNR by disclosing assignment and licensing terms to which it is still potentially bound. This would severely impair BNR's ability to negotiate similar licenses on terms more favorable than these and would give BNR's competitors and potential counterparties an unfair advantage in negotiations. In addition, the agreement is recent, and therefore its public disclosure could adversely affect current negotiations that BNR and/or the parties to the agreement are conducting. Moreover, the documents sought to be sealed were designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by BNR pursuant to the protective order in this case. By so designating these documents, BNR represented that it reasonably and in good faith believes that such material should be protected from public disclosure. *See In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155,

161-62 (N.D. Cal. 1992) (citing cases and noting, "[p]rotective orders and filings under seal are the primary means by which the courts ensure full disclosure of relevant information, while still preserving the parties' (and third parties') legitimate expectation that confidential business information, proprietary technology and trade secrets will not be publicly disseminated").

Finally, these exhibits "implicate the confidentiality of parties not involved in the current case." *Triquint Semiconductor, Inc.*, 2011 U.S. Dist. LEXIS 120627, at *18. They thus stand to harm multiple non-parties to this case in the same manner, by impairing their own ability to negotiate favorable terms in the marketplace without their competitors or potential counterparties having access to their prior confidential terms. As a corollary to that, disclosure would further harm BNR because counterparties will be reluctant to do business with it and to disclose their own information to BNR if it is unable to keep their information confidential.

Pursuant to the Court's Civil Case Procedures, BNR will deliver to the Court an unredacted, unfiled copy of the exhibits at issue within 24 hours after filing of this Motion.

Compelling reasons therefore exist to permit BNR to file under seal these proposed exhibits, as well as portions of BNR's Response Brief that disclose the contents of the exhibits, and BNR respectfully requests that the Court order them sealed.

PLAINTIFF'S MOTION TO FILE UNDER SEAL     5

| | |
|---|---|
| Dated: August 16, 2019 | */s/ Sadaf R. Abdullah* |

Mieke K. Malmberg
(SBN 209992)
SKIERMONT DERBY LLP
800 Wilshire Blvd., Ste. 1450
Los Angeles, CA 90017
Phone: (213) 788-4500
Fax: (213)788-4545
mmalmberg@skiermontderby.com

Paul J. Skiermont (*pro hac vice*)
(TX Bar No. 24033073)
Sadaf R. Abdullah (*pro hac vice*)
(TX Bar No. 24093500)
Steven W. Hartsell (*pro hac vice*)
(TX Bar No. 24040199)
Alexander E. Gasser*
(WI Bar No. 1022659)
Steven J. Udick*
(TX Bar No. 24079884)
Christopher M. Hodge*
(TX Bar No. 24074423)
SKIERMONT DERBY LLP
1601 Elm St., Ste. 4400
Dallas, TX 75201
Phone: (214) 978-6600
Fax: (214) 978-6601
pskiermont@skiermontderby.com
sabdullah@skiermontderby.com
shartsell@skiermontderby.com
agasser@skiermontderby.com
chodge@skiermontderby.com
sudick@skiermontderby.com
(*denotes *pro hac vice* to be filed)

*Attorneys for Plaintiff*
BELL NORTHERN RESEARCH, LLC

## LOCAL RULE 26.1 CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Local Rule 26.1(a), counsel for BNR conferred with counsel for LG concerning the relief sought in the foregoing document, and counsel for LG stated that they were unopposed.

/s/ *Sadaf R. Abdullah*
Sadaf R. Abdullah

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on August 16, 2019 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Pursuant to Local Rule 5.4(c), any other counsel of record will be served by electronic mail, facsimile, or overnight delivery.

/s/ *Sadaf R. Abdullah*
Sadaf R. Abdullah