Joanna M. Fuller (SBN 266406)
jfuller@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: (858) 678-5070/ Fax: (858) 678-5099

Michael McKeon (DC Bar No. 459780; *admitted pro hac vice*)
mckeon@fr.com
Christian Chu (SBN 218336)
chu@fr.com
Stephen A. Marshall (DC Bar No. 1012870; *admitted pro hac vice*)
smarshall@fr.com
R. Andrew Schwentker (DC Bar No. 991792; *admitted pro hac vice*)
schwentker@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue SW
Washington, D.C. 20024
Phone: (202) 783-5070/ Fax: (202) 783-2331

*Attorneys for Defendants LG Electronics Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobile Research U.S.A., LLC*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELL NORTHERN RESEARCH, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC., and LG ELECTRONICS MOBILE RESEARCH U.S.A., LLC,<br><br>Defendants. | Case No. 3:18-CV-2864-CAB-BLM<br><br>**FIRST AMENDED ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS [REDACTED]**<br><br>Judge: Hon. Cathy Bencivengo<br>Place: Courtroom 4C<br><br>**JURY TRIAL DEMANDED** |

Defendants LG Electronics Inc. ("LGE"), LG Electronics U.S.A., Inc. ("LG US"), and LG Electronics Mobile Research U.S.A., LLC ("LGMR") (collectively "LG") hereby respond to Plaintiff Bell Northern Research, LLC's ("BNR") Complaint of December 20, 2018, and file the Counterclaims set forth below. LG denies the allegations and characterizations in the enumerated Paragraphs of the Complaint unless expressly admitted as follows:

## PARTIES

1. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and therefore denies them.

2. LGE admits that it is incorporated under the laws of the Republic of Korea and has a place of business at LG Twin Towers, Seoul, South Korea. LGE denies all other allegations of Paragraph 2 of the Complaint.

3. LG US admits that it is incorporated under the laws of the State of Delaware and has a place of business at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632. LG US admits that it may accept service through its registered agent Unitized States Corporation Company, 251 Little Falls Drive, Wilmington, DE 19808. LG US denies all other allegations of Paragraph 3 of the Complaint.

4. LGMR admits that it is a limited liability company organized under the laws of the State of California and has a place of business at 10225 Willow Creek Road, San Diego, CA 92131. LGMR admits that it may accept service through its registered agent Corporation Service Company, 2710 Gateway Oaks Dr., Suite 150N, Sacramento, CA 95833. LGMR denies all other allegations of Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. LG admits that the Complaint purports to state an action for patent

infringement under the Patent Laws of the United States, Title 35 of the United States Code but denies that there is any basis for such action, and denies any allegations of infringement. LG admits that this Court has subject matter jurisdiction over such action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. LG does not contest, solely for the purpose of the present litigation, whether personal jurisdiction properly lies in this District. LG US and LGMR admit that they do business in California and, specifically, in this District. LG admits that LGMR has a place of business in San Diego, California. LG admits that, in the litigation captioned *Parthenon Unified Memory Architecture LLC v. HTC Corp.*, No. 2:14 cv-00690-RSP (E.D. Tex.), LGE and LG US stated in their Motion to Sever and Transfer Venue that LG US has "significant and numerous connections with the Southern District of California." LG admits that LG US has previously sought to transfer cases to this District. LG admits that LG US operates facilities in the Southern District of California. To the extent Paragraph 6 of the Complaint recites a legal conclusion, no response is required. LG denies any remaining allegations of Paragraph 6 of the Complaint.

7. LG admits that LG US and LGMR are registered to do business in California and maintain an agent for service of process in California. LG denies any remaining allegations of Paragraph 7 of the Complaint.

8. LG denies the allegations contained in Paragraph 8 of the Complaint.

9. LG does not contest, solely for the purposes of the present action, whether venue over LGE properly lies in this District, but denies that venue is convenient for this case. LG denies any remaining allegations of Paragraph 9 of the Complaint.

10. LG does not contest, solely for the purposes of the present action, whether venue over LGMR properly lies in this District. To the extent Paragraph 10

of the Complaint recites a legal conclusion, no response is required. LG denies any remaining allegations of Paragraph 10 of the Complaint.

11. LG does not contest, solely for the purposes of the present action, whether venue over LG US properly lies in this District. To the extent Paragraph 11 of the Complaint recites a legal conclusion, no response is required. To the extent Paragraph 11 of the Complaint recites statements from LGE and LG US' Motion to Sever and Transfer Venue (Dkt. No. 54) filed in *Parthenon Unified Memory Architecture LLC v. HTC Corp.*, No. 2:14 cv-00690-RSP (E.D. Tex. Dec. 3, 2014), LG answers that such filing speaks for itself and no response is required. LG denies any remaining allegations of Paragraph 11 of the Complaint.

12. LG does not contest, solely for the purposes of the present action, whether joinder of the named Defendants is proper. To the extent Paragraph 12 of the Complaint recites a legal conclusion, no response is required. LG denies any remaining allegations of Paragraph 12 of the Complaint.

13. LG denies the allegations contained in Paragraph 13 of the Complaint.

## <u>THE BNR PORTFOLIO</u>

### A. Bell Northern Research

14. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and therefore denies them.

15. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and therefore denies them.

16. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and therefore denies them.

**B. The BNR Patents**

17. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint, and therefore denies them.

18. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and therefore denies them.

19. On information and belief, BNR or a predecessor in interest licensed one or more of the asserted patents. By way of example only, on information and belief, certain asserted patents may be the subject of a publicly known agreement between Qualcomm and Broadcom, dated on or about April 26, 2009. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 19 of the Complaint, and therefore denies them.

## PATENT PROSECUTION AND EXAMINATION

20. The allegations of Paragraph 20 are not directed to LG, and therefore no answer is required. To the extent an answer is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, and therefore denies them.

21. The allegations of Paragraph 21 are not directed to LG, and therefore no answer is required. To the extent an answer is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint, and therefore denies them.

22. The allegations of Paragraph 22 are not directed to LG, and therefore no answer is required. To the extent an answer is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, and therefore denies them.

23. The allegations of Paragraph 23 are not directed to LG, and therefore no answer is required. To the extent an answer is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, and therefore denies them.

24. The allegations of Paragraph 24 are not directed to LG, and therefore no answer is required. To the extent an answer is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint, and therefore denies them.

25. The allegations of Paragraph 25 are not directed to LG, and therefore no answer is required. To the extent an answer is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint, and therefore denies them.

## ASSERTED PATENTS

### A. The Wireless Computer Networking Patents

1) Overview of U.S. Patent No. 7,990,842

26. LG admits that, on its face, U.S. Patent No. 7,990,842 ("the '842 Patent") is entitled "Backward-Compatible Long Training Sequences for Wireless Communication Networks." LG admits that, on its face, the '842 Patent was issued on August 2, 2011. LG admits that what purports to be a copy of the '842 Patent was attached to the Complaint as Exhibit C. LG denies that the '842 Patent was duly and legally issued. LG denies any remaining allegations of Paragraph 26 of the Complaint.

27. LG admits that, on its face, the '842 Patent lists Jason Trachewsky and Rajendra Moorti as inventors.

28. LG admits that, on its face, the '842 Patent purports to be a continuation of U.S. Patent No. 7,646,703, filed on July 26, 2005.

29. LG admits that, on its face, the ’842 Patent purports to claim priority to the Provisional Application Nos. 60/591,104, filed on July 27, 2004, and 60/634,102, filed on December 8, 2004.

30. LG answers that the ’842 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 30 of the Complaint.

31. LG answers that the ’842 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 31 of the Complaint.

32. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint, and therefore denies them.

33. LG answers that the ’842 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 33 of the Complaint.

34. LG answers that the ’842 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 34 of the Complaint.

35. LG answers that the ’842 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 35 of the Complaint.

36. LG admits that the ’842 Patent contains one independent claim and twenty total claims. LG answers that the ’842 Patent speaks for itself and no further response is required. To the extent a response is required, LG denies any remaining allegations of Paragraph 36 of the Complaint.

37. LG admits that "above-disclosed claim limitations from the '842 Patent comprise various elements." LG denies any remaining allegations of Paragraph 37 of the Complaint.

38. LG admits that '842 Patent was examined between the filing of the patent application on January 8, 2010 through the issue date of August 2, 2011.

39. LG answers that the prosecution history for the '842 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 39 of the Complaint, and therefore denies them.

40. LG answers that the prosecution history for the '842 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 40 of the Complaint, and therefore denies them.

41. The allegations of Paragraph 41 are not directed to LG, and therefore no answer is required. To the extent an answer is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint, and therefore denies them.

42. LG answers that the prosecution history for the '842 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42 of the Complaint, and therefore denies them.

43. LG denies that the '842 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 43 of the Complaint, and therefore denies them.

44. LG denies that the ’842 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44 of the Complaint, and therefore denies them.

45. LG denies that the ’842 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 45 of the Complaint, and therefore denies them.

46. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint, and therefore denies them.

47. LG denies that the ’842 Patent is valid and enforceable. LG admits that the ’842 Patent purports to claim priority to provisional applications filed on July 27, 2004 and December 8, 2004. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47 of the Complaint, and therefore denies them.

2) Overview of U.S. Patent No. 8,416,862

48. LG admits that, on its face, U.S. Patent No. 8,416,862 (“the ’862 Patent”) is entitled “Efficient Feedback of Channel Information in a Closed Loop Beamforming Wireless Communication System.” LG admits that, on its face, the ’862 Patent was issued on April 9, 2013. LG admits that what purports to be a copy of the ’862 Patent was attached to the Complaint as Exhibit D. LG denies that the ’862 Patent was duly and legally issued. LG denies any remaining allegations of Paragraph 48 of the Complaint.

49. LG admits that, on its face, the ’862 Patent lists Carlos Aldana and Joonsuk Kim as inventors.

50. LG admits that, on its face, the ’862 Patent purports to be a continuation of U.S. Patent No. 7,738,583, filed on June 28, 2005. LG admits that, on its face,

the ’862 Patent purports to claim priority to the Provisional Application Nos. 60/673,451, filed on April 21, 2005, and 60/698,686, filed on July 13, 2005.

51. LG answers that the ’862 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 51 of the Complaint.

52. LG answers that the ’862 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 52 of the Complaint.

53. LG answers that the ’862 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 53 of the Complaint.

54. LG answers that the ’862 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 54 of the Complaint.

55. LG admits that the ’862 Patent contains three independent claims and twenty total claims. LG answers that the ’862 Patent speaks for itself and no further response is required. To the extent a response is required, LG denies any remaining allegations of Paragraph 55 of the Complaint.

56. LG admits that “above-disclosed claim limitations from the ’862 Patent comprise various elements.” LG denies any remaining allegations of Paragraph 56 of the Complaint.

57. LG admits that ’862 Patent was examined between the filing of the patent application on September 28, 2005 through the issue date of April 9, 2013

58. LG answers that the prosecution history for the ’862 Patent speaks for itself and no response is required. LG is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58 of the Complaint, and therefore denies them.

59. LG answers that the prosecution history for the ’862 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 59 of the Complaint, and therefore denies them.

60. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 60 of the Complaint, and therefore denies them.

61. The allegations of Paragraph 61 are not directed to LG, and therefore no answer is required. To the extent an answer is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint, and therefore denies them.

62. LG answers that the prosecution history for the ’862 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 62 of the Complaint, and therefore denies them.

63. LG denies that the ’862 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 63 of the Complaint, and therefore denies them.

64. LG denies that the ’862 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 64 of the Complaint, and therefore denies them.

65. LG denies that the ’862 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 65 of the Complaint, and therefore denies them.

66. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 66 of the Complaint, and therefore denies them.

67. LG denies that the ’862 Patent is valid and enforceable. LG admits that the ’862 Patent purports to claim priority to no later than April 21, 2005. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 67 of the Complaint, and therefore denies them.

3) Overview of U.S. Patent No. 7,957,450

68. LG admits that, on its face, U.S. Patent No. 7,957,450 (“the ’450 Patent”) is entitled “Method and System for Frame Formats for MIMO Channel Measurement Exchange.” LG admits that, on its face, the ’450 Patent was issued on June 7, 2011. LG admits that what purports to be a copy of the ’450 Patent was attached to the Complaint as Exhibit E. LG denies that the ’450 Patent was duly and legally issued. LG denies any remaining allegations of Paragraph 68 of the Complaint.

69. LG admits that, on its face, the ’450 Patent lists Christopher Hansen, Carlos Aldana, and Joonsuk Kim as inventors.

70. LG admits that, on its face, the ’450 Patent purports to be a continuation of U.S. Patent No. 7,564,914, filed on February 7, 2005.

71. LG admits that, on its face, the ’450 Patent purports to claim priority to the Provisional Application No. 60/636,255, filed on December 14, 2004.

72. LG answers that the ’450 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 72 of the Complaint.

73. LG answers that the ’450 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 73 of the Complaint.

74. LG answers that the ’450 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 74 of the Complaint.

75. LG answers that the ’450 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 75 of the Complaint.

76. LG answers that the ’450 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 76 of the Complaint.

77. LG answers that the ’450 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 77 of the Complaint.

78. LG answers that the ’450 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 78 of the Complaint.

79. LG answers that the ’450 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 79 of the Complaint.

80. LG answers that the ’450 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 80 of the Complaint.

81. LG admits that the ’450 Patent contains four independent claims and twenty-two total claims. LG answers that the ’450 Patent speaks for itself and no

further response is required. To the extent a response is required, LG denies any remaining allegations of Paragraph 81 of the Complaint.

82. LG admits that ’450 Patent was examined between the filing of the patent application on July 20, 2009 through the issue date of June 7, 2011.

83. LG answers that the prosecution history for the ’450 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 83 of the Complaint, and therefore denies them.

84. LG answers that the prosecution history for the ’450 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 84 of the Complaint, and therefore denies them.

85. The allegations of Paragraph 85 are not directed to LG, and therefore no answer is required. To the extent an answer is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the Complaint, and therefore denies them.

86. LG answers that the prosecution history for the ’450 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 86 of the Complaint, and therefore denies them.

87. LG denies that the ’450 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 87 of the Complaint, and therefore denies them.

88. LG denies that the ’450 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 88 of the Complaint, and therefore denies them.

89. LG denies that the ’450 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 89 of the Complaint, and therefore denies them.

90. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 of the Complaint, and therefore denies them.

91. LG admits that the ’450 Patent purports to claim priority to a provisional application filed on December 14, 2004. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 91 of the Complaint, and therefore denies them.

92. LG denies that the ’450 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 92 of the Complaint, and therefore denies them.

**B. The Wireless Switching Patent**

93. LG admits that, on its face, U.S. Patent No. 6,941,156 (“the ’156 Patent”) is entitled “Automatic Handoff for Wireless Piconet Multimode Cell Phone.” LG admits that, on its face, the ’156 Patent was issued on September 6, 2005. LG admits that what purports to be a copy of the ’156 Patent was attached to the Complaint as Exhibit F. LG denies that the ’156 Patent was duly and legally issued. LG denies any remaining allegations of Paragraph 93 of the Complaint.

94. LG admits that, on its face, the ’156 Patent lists Philip D. Mooney as an inventor.

95. LG answers that the ’156 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 95 of the Complaint.

96. LG answers that the ’156 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 96 of the Complaint.

97. LG answers that the ’156 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 97 of the Complaint.

98. LG answers that the ’156 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 98 of the Complaint.

99. LG admits that the ’156 Patent contains three independent claims and nineteen total claims. LG answers that the ’156 Patent speaks for itself and no further response is required. To the extent a response is required, LG denies any remaining allegations of Paragraph 99 of the Complaint.

100. LG admits that “above-disclosed claim limitations from the ’156 Patent comprise various elements.” LG denies any remaining allegations of Paragraph 100 of the Complaint.

101. LG admits that ’156 Patent was examined between the filing of the patent application on June 26, 2001 through the issue date of September 6, 2005.

102. LG answers that the prosecution history for the ’156 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 102 of the Complaint, and therefore denies them.

103. LG answers that the prosecution history for the ’156 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 103 of the Complaint, and therefore denies them.

104. LG answers that the prosecution history for the '156 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 104 of the Complaint, and therefore denies them.

105. The allegations of Paragraph 105 are not directed to LG, and therefore no answer is required. To the extent an answer is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105 of the Complaint, and therefore denies them.

106. LG answers that the prosecution history for the '156 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 106 of the Complaint, and therefore denies them.

107. LG denies that the '156 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 107 of the Complaint, and therefore denies them.

108. LG denies that the '156 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 108 of the Complaint, and therefore denies them.

109. LG denies that the '156 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 109 of the Complaint, and therefore denies them.

110. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110 of the Complaint, and therefore denies them.

111. LG denies that the '156 Patent is valid and enforceable. LG admits that the '156 Patent purports to claim priority to no later than June 26, 2001. LG is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 111 of the Complaint, and therefore denies them.

**C. The RACH Message Prioritization Patent**

112. LG admits that, on its face, U.S. Patent No. 8,792,432 ("the '432 Patent") is entitled "Prioritizing RACH Message Contents." LG admits that, on its face, the '432 Patent was issued on July 29, 2014. LG admits that what purports to be a copy of the '432 Patent was attached to the Complaint as Exhibit G. LG denies that the '432 Patent was duly and legally issued. LG denies any remaining allegations of Paragraph 112 of the Complaint.

113. LG admits that, on its face, the '432 Patent lists Brian Martin and Keiichi Kubota as inventors.

114. LG answers that the '432 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 114 of the Complaint.

115. LG answers that the '432 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 115 of the Complaint.

116. LG answers that the '432 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 116 of the Complaint.

117. LG answers that the '432 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 117 of the Complaint.

118. LG answers that the ’432 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 118 of the Complaint.

119. LG admits that the ’432 Patent contains four independent claims and fourteen total claims. LG answers that the ’432 Patent speaks for itself and no further response is required. To the extent a response is required, LG denies any remaining allegations of Paragraph 119 of the Complaint.

120. LG admits that “above-disclosed claim limitations from the ’432 Patent comprise various elements.” LG denies any remaining allegations of Paragraph 120 of the Complaint.

121. LG admits that ’432 Patent was examined between the filing of the patent application on February 14, 2011 through the issue date of July 29, 2014.

122. LG answers that the prosecution history for the ’432 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 122 of the Complaint, and therefore denies them.

123. LG answers that the prosecution history for the ’432 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 123 of the Complaint, and therefore denies them.

124. LG answers that the prosecution history for the ’432 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 124 of the Complaint, and therefore denies them.

125. The allegations of Paragraph 125 are not directed to LG, and therefore no answer is required. To the extent an answer is required, LG is without

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 125 of the Complaint, and therefore denies them.

126. LG answers that the prosecution history for the ’432 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 126 of the Complaint, and therefore denies them.

127. LG answers that the prosecution history for the ’432 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 127 of the Complaint, and therefore denies them.

128. LG denies that the ’432 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 128 of the Complaint, and therefore denies them.

129. LG denies that the ’432 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 129 of the Complaint, and therefore denies them.

130. LG denies that the ’432 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 130 of the Complaint, and therefore denies them.

131. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131 of the Complaint, and therefore denies them.

132. LG admits that the ’432 Patent purports to claim priority to no later than February 14, 2011. LG denies that the ’432 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of Paragraph 132 of the Complaint, and therefore denies them.

**D. The Proximity-Based Power Regulation Patent**

133. LG admits that, on its face, U.S. Patent No. 7,039,435 ("the '435 Patent") is entitled "Proximity Regulation System for Use with a Portable Cell Phone and a Method of Operation Thereof." LG admits that, on its face, the '435 Patent was issued on May 2, 2006. LG admits that what purports to be a copy of the '435 Patent was attached to the Complaint as Exhibit H. LG denies that the '435 Patent was duly and legally issued. LG denies any remaining allegations of Paragraph 133 of the Complaint.

134. LG admits that, on its face, the '435 Patent lists Richard McDowell and Philip Mooney as inventors.

135. LG admits that, on its face, the '435 Patent purports to claim priority to an application filed on September 28, 2001.

136. LG answers that the '435 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 136 of the Complaint.

137. LG answers that the '435 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 137 of the Complaint.

138. LG answers that the '435 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 138 of the Complaint.

139. LG answers that the '435 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 139 of the Complaint.

140. LG admits that the ’435 Patent contains one independent claim and nine total claims. LG answers that the ’435 Patent speaks for itself and no further response is required. To the extent a response is required, LG denies any remaining allegations of Paragraph 140 of the Complaint.

141. LG admits that “above-disclosed claim limitations from the ’435 Patent comprise various elements.” LG denies any remaining allegations of Paragraph 141 of the Complaint.

142. LG admits that ’435 Patent was examined between the filing of the patent application on September 28, 2001 through the issue date of May 2, 2006.

143. LG answers that the prosecution history for the ’435 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 143 of the Complaint, and therefore denies them.

144. LG answers that the prosecution history for the ’435 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 144 of the Complaint, and therefore denies them.

145. The allegations of Paragraph 145 are not directed to LG, and therefore no answer is required. To the extent an answer is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145 of the Complaint, and therefore denies them.

146. LG answers that the prosecution history for the ’435 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 146 of the Complaint, and therefore denies them.

147. LG denies that the ’435 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 147 of the Complaint, and therefore denies them.

148. LG denies that the ’435 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 148 of the Complaint, and therefore denies them.

149. LG denies that the ’435 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 149 of the Complaint, and therefore denies them.

150. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 150 of the Complaint, and therefore denies them.

151. LG admits that the ’435 Patent purports to claim priority no later than September 28, 2001. LG denies that the ’435 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 151 of the Complaint, and therefore denies them.

**E. The Accelerometer-Influenced Communication Device Patent**

152. LG admits that, on its face, U.S. Patent No. 6,549,792 (“the ’792 Patent”) is entitled “Accelerometer Influenced Communication Device.” LG admits that, on its face, the ’792 Patent was issued on April 15, 2003. LG admits that what purports to be a copy of the ’792 Patent was attached to the Complaint as Exhibit I. LG denies that the ’792 Patent was duly and legally issued. LG denies any remaining allegations of Paragraph 152 of the Complaint.

153. LG admits that, on its face, the ’792 Patent lists Joseph Cannon and James Johanson as inventors.

154. LG admits that, on its face, the ’792 Patent purports to claim priority to an application filed on June 25, 1999.

155. LG answers that the ’792 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 155 of the Complaint.

156. LG answers that the ’792 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 156 of the Complaint.

157. LG answers that the ’792 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 157 of the Complaint.

158. LG answers that the ’792 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 158 of the Complaint.

159. LG answers that the ’792 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 159 of the Complaint.

160. LG admits that the ’792 Patent contains eleven independent claims and twenty-one total claims. LG answers that the ’792 Patent speaks for itself and no further response is required. To the extent a response is required, LG denies any remaining allegations of Paragraph 160 of the Complaint.

161. LG admits that “above-disclosed claim limitations from the ’792 Patent comprise various elements.” LG denies any remaining allegations of Paragraph 161 of the Complaint.

162. LG admits that ’792 Patent was examined between the filing of the patent application on June 25, 1999 through the issue date of April 15, 2003.

163. LG answers that the prosecution history for the ’792 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 163 of the Complaint, and therefore denies them.

164. LG answers that the prosecution history for the ’792 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 164 of the Complaint, and therefore denies them.

165. The allegations of Paragraph 165 are not directed to LG, and therefore no answer is required. To the extent an answer is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 165 of the Complaint, and therefore denies them.

166. LG answers that the prosecution history for the ’792 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 166 of the Complaint, and therefore denies them.

167. LG denies that the ’792 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 167 of the Complaint, and therefore denies them.

168. LG denies that the ’792 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 168 of the Complaint, and therefore denies them.

169. LG denies that the ’792 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 169 of the Complaint, and therefore denies them.

170. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 170 of the Complaint, and therefore denies them.

171. LG admits that the ’792 Patent purports to claim priority to June 25, 1999. LG denies that the ’792 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 171 of the Complaint, and therefore denies them.

**F. The Telephone Handset with Bit Stream Player Patent**

172. LG admits that, on its face, U.S. Patent No. 7,945,285 (“the ’285 Patent”) is entitled “Integrating a Digital Encoded-Audio Bit Stream Player in a Radio-Frequency Telephone Handset.” LG admits that, on its face, the ’285 Patent was issued on May 17, 2011. LG admits that what purports to be a copy of the ’285 Patent was attached to the Complaint as Exhibit J. LG denies that the ’285 Patent was duly and legally issued. LG denies any remaining allegations of Paragraph 172 of the Complaint.

173. LG admits that, on its face, the ’285 Patent lists Qinghong Cao, Liang Jin, Wenzhe Luo, Jian Wu, and Zhigang Ma as inventors.

174. LG admits that, on its face, the ’285 Patent purports to be a continuation of U.S. Patent No. 7,702,363, filed on October 7, 2004, which is a continuation of Application No. 09/447,284, filed on November 23, 1999.

175. LG answers that the ’285 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 175 of the Complaint.

176. LG answers that the ’285 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 176 of the Complaint.

177. LG answers that the ’285 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 177 of the Complaint.

178. LG answers that the ’285 Patent speaks for itself and no response is required. To the extent a response is required, LG denies the allegations of Paragraph 178 of the Complaint.

179. LG admits that the ’285 Patent contains two independent claims and six total claims. LG answers that the ’285 Patent speaks for itself and no further response is required. To the extent a response is required, LG denies any remaining allegations of Paragraph 179 of the Complaint.

180. LG admits that “above-disclosed claim limitations from the ’285 Patent comprise various elements.” LG denies any remaining allegations of Paragraph 180 of the Complaint.

181. LG admits that ’285 Patent was examined between the filing of the patent application on February 16, 2010 through the issue date of May 17, 2011.

182. LG answers that the prosecution history for the ’285 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 182 of the Complaint, and therefore denies them.

183. LG answers that the prosecution history for the ’285 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 183 of the Complaint, and therefore denies them.

184. The allegations of Paragraph 184 are not directed to LG, and therefore no answer is required. To the extent an answer is required, LG is without

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 184 of the Complaint, and therefore denies them.

185. LG answers that the prosecution history for the ’285 Patent speaks for itself and no response is required. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 185 of the Complaint, and therefore denies them.

186. LG denies that the ’285 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 186 of the Complaint, and therefore denies them.

187. LG denies that the ’285 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 187 of the Complaint, and therefore denies them.

188. LG denies that the ’285 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 188 of the Complaint, and therefore denies them.

189. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 189 of the Complaint, and therefore denies them.

190. LG admits that the ’285 Patent purports to claim priority to November 3, 1999. LG denies that the ’285 Patent is valid and enforceable. LG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 190 of the Complaint, and therefore denies them.

## OVERVIEW OF ACCUSED TECHNOLOGY

### A. LG’S CELLULAR PHONE PRODUCTS

191. LG admits that it makes, imports, and sells cellular phones in the United States. LG admits that it offers for sale its G-Series, K-Series, and Stylo series. LG

admits that some of these LG products are marketed as compliant with certain 3GPP standards promulgated by ETSI and/or certain IEEE 802.11 standards. LG also admits that proximity sensing is available on some of these phones to assist in the reduction of power, that some phones also include the ability to make calls on cellular or wireless networks, and that some phones include accelerometers, and that some phones provide a combination of phone and music playing functionality. LG also admits its phones likely provide benefits to end users. LG denies any remaining allegations of Paragraph 191 of the Complaint.

**B. LG'S TABLET PRODUCTS**

192. LG admits that it makes, imports, and sells tablet devices in the United States. LG admits that it offers for sale is G Pad series. LG admits that some of these LG products are marketed as compliant with certain 3GPP standards promulgated by ETSI and/or certain IEEE 802.11 standards. LG denies any remaining allegations of Paragraph 192 of the Complaint.

**C. LG'S HOME OR OFFICE ELECTRONICS PRODUCTS**

193. LG admits that it makes, imports, and sells home electronics in the United States. LG admits that some of these LG products are marketed as compliant with certain IEEE 802.11 standards. LG denies any remaining allegations of Paragraph 193 of the Complaint.

**D. LG'S HOME APPLIANCE PRODUCTS**

194. LG admits that it makes, imports, and sells home electronics in the United States. LG admits that some of these LG products are marketed as compliant with certain IEEE 802.11 standards. LG denies any remaining allegations of Paragraph 194 of the Complaint.

**COUNT 1 (THE '842 PATENT)**

195. LG incorporates its responses to the allegations of Paragraphs 1 through

194 set forth above as if fully set forth herein.

196. LG denies the allegations contained in Paragraph 196 of the Complaint.

197. LG denies the allegations contained in Paragraph 197 of the Complaint.

198. LG admits that some LG products are marketed as compliant with certain IEEE 802.11 standards. LG denies any remaining allegations of Paragraph 198 of the Complaint.

199. LG admits an IEEE 802.11n standard was published in October 2009. LG denies the remaining allegations in Paragraph 199 of the Complaint.

200. LG denies the allegations of Paragraph 200 of the Complaint to the extent they fail to accurately characterize the 802.11n standard.

201. LG denies the allegations of Paragraph 201 of the Complaint to the extent they fail to accurately characterize the 802.11n standard.

202. LG denies the allegations of Paragraph 202 of the Complaint to the extent they fail to accurately characterize the 802.11n standard.

203. LG admits the cited LG G7 ThinQ product documentation indicates it is compliant with 802.11a/b/g/n/ac. LG denies the remaining allegations of Paragraph 203 of the Complaint.

204. LG admits the LG G7 ThinQ product documentation indicates it is compliant with 802.11n. LG denies the remaining allegations of Paragraph 204 of the Complaint.

205. LG admits that some LG products are marketed as compliant with certain IEEE 802.11 standards. LG denies any remaining allegations of Paragraph 205 of the Complaint.

206. LG denies the allegations contained in Paragraph 206 of the Complaint.

207. LG admits it has engaged in communications protected under Federal Rule of Evidence 408 with representatives of BNR. LG denies any remaining

allegations of Paragraph 207 of the Complaint.

208. Paragraph 208 of the Complaint recites a legal conclusion, so no response is required.

209. LG is without knowledge or information sufficient to form a belief as to the truth of the statement that "BNR is willing to abide by any applicable FRAND obligations." LG denies any remaining allegations of Paragraph 209 of the Complaint.

210. LG denies the allegations contained in Paragraph 210 of the Complaint.

**COUNT 2 (THE '862 PATENT)**

211. LG incorporates its responses to the allegations of Paragraphs 1 through 210 set forth above as if fully set forth herein.

212. LG denies the allegations contained in Paragraph 212 of the Complaint.

213. LG denies the allegations contained in Paragraph 213 of the Complaint.

214. LG admits that some LG products are marketed as compliant with certain IEEE 802.11 standards. LG denies any remaining allegations of Paragraph 214 of the Complaint.

215. LG admits an IEEE 802.11ac standard was published in December 2013. LG denies the remaining allegations in Paragraph 215 of the Complaint.

216. LG denies the allegations of Paragraph 216 of the Complaint to the extent they fail to accurately characterize the 802.11ac standard.

217. LG denies the allegations of Paragraph 217 of the Complaint to the extent they fail to accurately characterize the 802.11ac standard and the functionality of purportedly compliant devices.

218. LG denies the allegations of Paragraph 218 of the Complaint to the extent they fail to accurately characterize the 802.11ac standard and the functionality of purportedly compliant devices.

219. LG admits the cited LG G7 ThinQ product documentation indicates it is compliant with 802.11a/b/g/n/ac. LG denies the remaining allegations of Paragraph 219 of the Complaint.

220. LG admits the LG G7 ThinQ product documentation indicates it is compliant with 802.11a/b/g/n/ac. LG denies the remaining allegations of Paragraph 220 of the Complaint.

221. LG admits that some LG products are marketed as compliant with certain IEEE 802.11 standards. LG denies any remaining allegations of Paragraph 221 of the Complaint.

222. LG denies the allegations contained in Paragraph 222 of the Complaint.

223. LG admits it has engaged in communications protected under Federal Rule of Evidence 408 with representatives of BNR. LG denies any remaining allegations of Paragraph 223 of the Complaint.

224. Paragraph 224 recites a legal conclusion, so no response is required.

225. LG is without knowledge or information sufficient to form a belief as to the truth of the statement that "BNR is willing to abide by any applicable FRAND obligations." LG denies any remaining allegations of Paragraph 225 of the Complaint.

226. LG denies the allegations contained in Paragraph 226 of the Complaint.

## **COUNT 3 (THE '450 PATENT)**

227. LG incorporates its responses to the allegations of Paragraphs 1 through 226 set forth above as if fully set forth herein.

228. LG denies the allegations contained in Paragraph 228 of the Complaint.

229. LG denies the allegations contained in Paragraph 229 of the Complaint.

230. LG admits that some LG products are marketed as compliant with certain IEEE 802.11 standards. LG denies any remaining allegations of Paragraph 230 of the Complaint.

231. LG admits an IEEE 802.11ac standard was published in December 2013. LG denies the remaining allegations in Paragraph 231 of the Complaint.

232. LG denies the allegations of Paragraph 232 of the Complaint to the extent they fail to accurately characterize the 802.11ac standard.

233. LG denies the allegations of Paragraph 233 of the Complaint to the extent they fail to accurately characterize the 802.11ac standard and the functionality of purportedly compliant devices.

234. LG admits the cited LG G7 ThinQ product documentation indicates it is compliant with 802.11a/b/g/n/ac. LG denies the remaining allegations of Paragraph 234 of the Complaint.

235. LG admits the LG G7 ThinQ product documentation indicates it is compliant with 802.11a/b/g/n/ac. LG denies the remaining allegations of Paragraph 235 of the Complaint.

236. LG admits that some LG products are marketed as compliant with certain IEEE 802.11 standards. LG denies any remaining allegations of Paragraph 236 of the Complaint.

237. LG denies the allegations contained in Paragraph 237 of the Complaint.

238. LG denies the allegations contained in Paragraph 238 of the Complaint.

239. Paragraph 239 recites a legal conclusion, so no response is required.

240. LG is without knowledge or information sufficient to form a belief as to the truth of the statement that "BNR is willing to abide by any applicable FRAND obligations." LG denies any remaining allegations of Paragraph 240 of the Complaint.

241. LG denies the allegations contained in Paragraph 241 of the Complaint.

**COUNT 4 (THE '156 PATENT)**

242. LG incorporates its responses to the allegations of Paragraphs 1 through 241 set forth above as if fully set forth herein.

243. LG denies the allegations contained in Paragraph 243 of the Complaint.

244. LG denies the allegations contained in Paragraph 244 of the Complaint.

245. LG admits that some LG products can be used for cellular communications by an end user, and that some LG products include support for Wi-Fi connections. LG denies any remaining allegations of Paragraph 245 of the Complaint.

246. LG admits the LG G7 ThinQ can be used by an end user as a mobile phone, and that it includes cellular RF functionality and WiFi connectivity. LG denies any remaining allegations of Paragraph 246 of the Complaint.

247. LG admits the LG G7 ThinQ can be used by an end user as a mobile phone, and that it includes cellular RF functionality and WiFi connectivity. LG denies any remaining allegations of Paragraph 247 of the Complaint.

248. LG admits that some LG products can be used by an end user as a mobile phone, and that it includes cellular RF functionality and WiFi connectivity. LG denies any remaining allegations of Paragraph 248 of the Complaint.

249. LG denies the allegations contained in Paragraph 249 of the Complaint.

250. LG admits it has engaged in communications protected under Federal Rule of Evidence 408 with representatives of BNR. LG denies any remaining allegations of Paragraph 250 of the Complaint.

251. Paragraph 251 recites a legal conclusion, so no response is required.

252. LG denies the allegations contained in Paragraph 252 of the Complaint.

253. LG denies the allegations contained in Paragraph 253 of the Complaint.

**COUNT 5 (THE '432 PATENT)**

254. LG incorporates its responses to the allegations of Paragraphs 1 through 253 set forth above as if fully set forth herein.

255. LG denies the allegations contained in Paragraph 255 of the Complaint.

256. LG denies the allegations contained in Paragraph 256 of the Complaint.

257. LG admits that some of these LG products are marketed as compliant with certain 3GPP standards promulgated by ETSI. LG denies any remaining allegations of Paragraph 257 of the Complaint.

258. LG admits that a version of the TS 25.331 v.11.4.0 standard was published in February 2013. LG denies the remaining allegations in Paragraph 258 of the Complaint.

259. LG denies the allegations of Paragraph 259 of the Complaint to the extent they fail to accurately characterize the TS 25.331 v.11.4.0 standard.

260. LG denies the allegations of Paragraph 260 of the Complaint to the extent they fail to accurately characterize the TS 25.331 v.11.4.0 standard and the functionality of purportedly compliant devices.

261. LG denies the allegations of Paragraph 261 of the Complaint to the extent they fail to accurately characterize the TS 25.331 v.11.4.0 standard and the functionality of purportedly compliant devices.

262. LG denies the allegations of Paragraph 262 of the Complaint to the extent they fail to accurately characterize the TS 25.331 v.11.4.0 standard.

263. LG denies the allegations of Paragraph 263 of the Complaint to the extent they fail to accurately characterize the TS 25.331 v.11.4.0 standard.

264. LG admits the LG G7 ThinQ can be used by an end user as a mobile phone. LG is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of Paragraph 264 of the Complaint, and therefore denies them.

265. LG admits the cited LG G7 ThinQ product documentation indicates it is contains a Qualcomm Snapdragon 845 processor. LG denies the remaining allegations of Paragraph 265 of the Complaint.

266. The allegations of Paragraph 266 are not directed to LG, and therefore no answer is required. To the extent an answer is required, LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 266 of the Complaint, and therefore denies them.

267. LG denies the allegations of Paragraph 267 of the Complaint to the extent they fail to accurately characterize the TS 25.331 Release 11. LG denies the remaining allegations of Paragraph 267 of the Complaint.

268. LG admits that some of these LG products are marketed as compliant with certain 3GPP standards promulgated by ETSI. LG denies any remaining allegations of Paragraph 268 of the Complaint.

269. LG admits that some of these LG products are marketed as compliant with certain 3GPP standards promulgated by ETSI. LG denies any remaining allegations of Paragraph 269 of the Complaint.

270. LG admits that some of these LG products are marketed as compliant with certain 3GPP standards promulgated by ETSI. LG denies any remaining allegations of Paragraph 270 of the Complaint.

271. LG denies the allegations contained in Paragraph 271 of the Complaint.

272. LG admits it has engaged in communications protected under Federal Rule of Evidence 408 with representatives of BNR. LG denies any remaining allegations of Paragraph 272 of the Complaint.

273. Paragraph 273 recites a legal conclusion, so no response is required.

274. LG is without knowledge or information sufficient to form a belief as to the truth of the statement that "BNR is willing to abide by any applicable FRAND obligations." LG denies any remaining allegations of Paragraph 274 of the Complaint.

275. LG denies the allegations contained in Paragraph 275 of the Complaint.

**COUNT 6 (THE '435 PATENT)**

276. LG incorporates its responses to the allegations of Paragraphs 1 through 275 set forth above as if fully set forth herein.

277. LG denies the allegations contained in Paragraph 277 of the Complaint.

278. LG denies the allegations contained in Paragraph 278 of the Complaint.

279. LG admits the LG G7 ThinQ can be used by an end user as a mobile phone. LG denies any remaining allegations of Paragraph 279 of the Complaint.

280. LG is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 280 of the Complaint, and therefore denies them.

281. LG admits that some LG products can be used by an end user as a mobile phone. LG denies any remaining allegations of Paragraph 281 of the Complaint.

282. LG denies the allegations contained in Paragraph 282 of the Complaint.

283. LG admits it has engaged in communications protected under Federal Rule of Evidence 408 with representatives of BNR. LG denies any remaining allegations of Paragraph 283 of the Complaint.

284. Paragraph 284 recites a legal conclusion, so no response is required.

285. LG denies the allegations contained in Paragraph 285 of the Complaint.

286. LG denies the allegations contained in Paragraph 286 of the Complaint.

**COUNT 7 (THE ’792 PATENT)**

287. LG incorporates its responses to the allegations of Paragraphs 1 through 286 set forth above as if fully set forth herein.

288. LG denies the allegations contained in Paragraph 288 of the Complaint.

289. LG denies the allegations contained in Paragraph 289 of the Complaint.

290. LG admits the LG G7 ThinQ can be used by an end user as a mobile phone, and that it includes features that use an accelerometer. LG denies any remaining allegations of Paragraph 290 of the Complaint.

291. LG admits the LG G7 ThinQ can be used by an end user as a mobile phone, and that it includes features that use an accelerometer. LG denies any remaining allegations of Paragraph 291 of the Complaint.

292. LG admits that some LG products can be used by an end user as a mobile phone, and that such products may include features that use an accelerometer. LG denies any remaining allegations of Paragraph 292 of the Complaint.

293. LG denies the allegations contained in Paragraph 293 of the Complaint.

294. LG admits it has engaged in communications protected under Federal Rule of Evidence 408 with representatives of BNR. LG denies any remaining allegations of Paragraph 294 of the Complaint.

295. Paragraph 295 recites a legal conclusion, so no response is required.

296. LG denies the allegations contained in Paragraph 296 of the Complaint.

297. LG denies the allegations contained in Paragraph 297 of the Complaint.

**COUNT 8 (THE ’285 PATENT)**

298. LG incorporates its responses to the allegations of Paragraphs 1 through 297 set forth above as if fully set forth herein.

299. LG denies the allegations contained in Paragraph 299 of the Complaint.

300. LG denies the allegations contained in Paragraph 300 of the Complaint.

301. LG admits the LG G7 ThinQ can be used by an end user as a mobile phone, and that it provide a combination of phone and music playing functionality. LG denies any remaining allegations of Paragraph 301 of the Complaint.

302. LG denies the allegations contained in Paragraph 302 of the Complaint.

303. LG admits the LG G7 ThinQ can be used by an end user as a mobile phone, and that it provide a combination of phone and music playing functionality. LG denies any remaining allegations of Paragraph 303 of the Complaint.

304. LG admits the LG G7 ThinQ can be used by an end user as a mobile phone, and that it provide a combination of phone and music playing functionality. LG denies any remaining allegations of Paragraph 304 of the Complaint.

305. LG admits that some LG products can be used by an end user as a mobile phone, and that such products may include a combination of phone and music playing functionality. LG denies any remaining allegations of Paragraph 305 of the Complaint.

306. LG denies the allegations contained in Paragraph 306 of the Complaint.

307. LG admits it has engaged in communications protected under Federal Rule of Evidence 408 with representatives of BNR. LG denies any remaining allegations of Paragraph 307 of the Complaint.

308. Paragraph 308 recites a legal conclusion, so no response is required.

309. LG denies the allegations contained in Paragraph 309 of the Complaint.

310. LG denies the allegations contained in Paragraph 310 of the Complaint.

## **BNR'S PRAYER FOR RELIEF**

LG denies the underlying allegations of BNR's Prayer for Relief against LG, denies that BNR is entitled to any relief whatsoever, and requests that the Court

deny all relief to BNR, enter judgment in favor of LG, and award LG its attorneys' fees as the prevailing party in the action.

**BNR'S DEMAND FOR JURY TRIAL**

LG is not required to provide a response to BNR's request for a trial by jury.

To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, LG denies them.

**AFFIRMATIVE DEFENSES**

LG asserts the following defenses, without assuming the burden of proof on issues as to which BNR bears such burden. LG reserves all affirmative defenses permitted under the Federal Rules of Civil Procedure, the patent laws of the United States, and/or at law or equity, which may now exist or in the future be available based on discovery and further investigation in this case. Assertion of a defense is not a concession that LG has the burden of proving the matter asserted.

**FIRST AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

LG does not infringe and has not infringed, under any theory (including directly, indirectly, jointly, literally, or under the doctrine of equivalents), any valid, enforceable claim of the Asserted Patents.[1]

**SECOND AFFIRMATIVE DEFENSE**
**(Invalidity)**

Each asserted claim of the Asserted Patents is invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States

---

[1] U.S. Patent Nos. 7,990,842; 8,416,862; 7,957,450; 6,941,156; 8,792,432; 7,039,435; 6,549,792; and 7,945,285 (collectively referred to as the "Asserted Patents")

Code, including, without limitations, §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**
**(License, Implied License, Exhaustion)**

BNR's claims are barred, in whole or in part, by the defenses of express or implied license, and exhaustion. On information and belief, BNR or a predecessor in interest, for example, Broadcom Corporation, licensed one or more of the Asserted Patents such that BNR's claims, or portions thereof, are barred under the license. By way of example only, on information and belief, use of certain Qualcomm components identified or implied by BNR's Complaint may be the subject of a publicly known agreement between Qualcomm and Broadcom, dated on or about April 26, 2009 and available in redacted form from the Securities and Exchange Commission. By way of further example, on information and belief, the Asserted Patents are encumbered by agreements granted by BNR's predecessors-in-interest, including, but not limited to, agreements between LSI Corporation, Avago Technologies General IP (Singapore) Pte. Ltd, and/or Broadcom, and LG and/or manufacturers of certain components included in the accused products.

Additionally, BNR has pled it is willing to abide by any applicable FRAND obligations related to certain of the Asserted Patents. Under its FRAND obligations, BNR is obligated to offer a license to its FRAND-encumbered patents on fair, reasonable, and non-discriminatory terms and conditions. Moreover, as a third-party beneficiary to those FRAND obligations, LG has the right to be granted a license on FRAND terms and conditions to each such Asserted Patent.

**FOUTH AFFIRMATIVE DEFENSE**
**(Equitable estoppel, Waiver, and Patent Misuse)**

BNR has pled it is willing to abide by any applicable FRAND obligations related to certain of the Asserted Patents. To the extent that BNR or a predecessor

in interest, for example, Broadcom Corporation, had a duty of disclosure to an open standard setting organization, such as ETSI or IEEE, and BNR or a predecessor in interest breached that duty, BNR's claims against LG are barred, in whole or in part, by equitable estoppel and/or implied waiver. Moreover, LG has been prejudiced by reasonably inferring that prior patent owners would not seek an injunction on any such purported standard essential patents.

Further, BNR's claims against LG are barred, in whole or in part, by patent misuse to the extent that BNR attempts to expand any rights associated with Asserted Patents by improperly or falsely alleging that such patents cover the standards identified in BNR's Complaint.

**FIFTH AFFIRMATIVE DEFENSE**
**(Barring Claims Under § 1498)**

To the extent that BNR's claims relate to the sale and/or use by the United States government of the accused products, BNR's sole remedy is an action for damages filed with the United States Court of Federal Claims pursuant to 28 U.S.C. § 1498.

**SIXTH AFFIRMATIVE DEFENSE**
**(No Injunctive Relief)**

BNR's claim for injunctive relief is barred because there exists an adequate remedy at law, and BNR's claims otherwise fail to meet the requirements for such relief.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel and/or Disclaimer)**

BNR is estopped from construing certain of the asserted claims of the Asserted Patents to cover or include, either literally or by application of the doctrine of equivalents, methods used or devices manufactured, used, imported, sold, or offered for sale by LG because of admissions, amendments, and statements to the

USPTO during prosecution of the applications leading to the issuance of the Asserted Patents or related family members.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Limitation on Damages)**

BNR's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

**NINTH AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

BNR's Complaint fails to state a claim upon which relief can be granted.

**TENTH AFFIRMATIVE DEFENSE**
**(Failure to Mark)**

To the extent that BNR, any predecessors-in-interest, or BNR's licensees to the Asserted Patents failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice to LG's actions allegedly infringed the Asserted Patents, LG is not liable to BNR for the acts alleged to have been performed before it received actual notice it was allegedly infringing the Asserted Patents.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(No Willful Infringement)**

BNR is not entitled to enhanced damages under 35 U.S.C. § 284 because LG has not intentionally, willfully, or deliberately infringed any claim of the Asserted Patents, or acted with egregious conduct.

**TWELFTH AFFIRMATIVE DEFENSE**
**(No Attorneys' Fees)**

BNR cannot prove that this is an exceptional case justifying an award of attorneys' fees against LG under 35 U.S.C. § 285 or otherwise.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (Lack of Standing)

To the extent that BNR does not own all substantial rights in the Asserted Patents, BNR lacks standing to pursue some or all of its claims against LG. In particular, on information and belief, BNR does not own all substantial rights to the Asserted Patents, at least because, subject to further discovery, Broadcom Corporation, Avago Technologies General IP (Singapore) Pte. Ltd, and/or Cortland Capital Market Services LLC, own some or all rights in the Asserted Patents, [redacted].

## COUNTERCLAIMS

Defendant and Counterclaim-Plaintiff LG, for its counterclaims against Plaintiff and Counterclaim-Defendant BNR, states as follows:

## NATURE OF THE ACTION

1. This is an action by Defendant and Counterclaim-Plaintiff LG pursuant to Rule 13 of the Federal Rules of Civil Procedure for declarations of non-infringement and invalidity of U.S. Patent Nos. 7,990,842; 8,416,862; 7,957,450; 6,941,156; 8,792,432; 7,039,435; 6,549,792; and 7,945,285 (collectively referred to as the "Asserted Patents").

## PARTIES

2. LG Electronics Inc. ("LGE") is a corporation organized and existing under the laws of Seoul, South Korea with its principal place of business at LG Twin Towers, Seoul, Seoul 150-721, South Korea.

3. LG Electronics U.S.A., Inc. ("LG US") is a corporation organized and existing under the laws of Delaware with a place of business at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632.

4. LG Electronics Mobile Research U.S.A., LLC ("LGMR") is a limited liability company organized and existing under the laws of California with a place of business at 10225 Willow Creek Road, San Diego, CA 92131.

5. On information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff and Counterclaim-Defendant Bell Northern Research, LLC ("BNR"), BNR is a company formed under the laws of Delaware with its principal place of business at 401 N. Michigan Avenue, Chicago, IL 60611.

## JURISDICTION AND VENUE

6. These Counterclaims arise under the United States patent laws, 35 U.S.C. §§ 1, *et seq.*, and seek relief for which this Court has jurisdiction pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. BNR has consented to personal jurisdiction by commencing its action for patent infringement in this judicial district, as set forth in BNR's Complaint.

8. By virtue of filing its action, BNR has consented that venue for these Counterclaims is proper in this District under at least 28 U.S.C. § 1400(b).

9. An actual, substantial, and continuing justiciable controversy exists between BNR and LG based at least on BNR having filed a Complaint against LG alleging infringement of the Asserted Patents, with respect to which LG requires a declaration of its rights by this Court. Specifically, the controversy concerns the non-infringement and invalidity of the Asserted Patents and the right of BNR to maintain suit for alleged infringement of the Asserted Patents.

## FIRST COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement of the '842 Patent)**

10. LG re-alleges and incorporates by reference the allegations set forth in the Paragraphs 1-9 of these Counterclaims.

11. A judicial declaration that LG does not infringe the ’842 Patent is necessary and appropriate at this time so that LG can ascertain its rights and duties with respect to the ’842 Patent. LG has no adequate remedy at law.

12. LG has not infringed and does not infringe, either directly or indirectly, by inducement or contributorily, willfully, or otherwise, any valid and enforceable claim of the ’842 Patent, either literally or by the doctrine of equivalents.

13. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and Title 35 of the United States Code, LG therefore requests a judicial declaration that it has not directly infringed, and does not directly infringe, contribute to infringement of, or actively induce others to infringe any valid and enforceable claim of the ’842 Patent, either directly or indirectly, individually, or jointly, or literally or under the doctrine of equivalents.

## <u>SECOND COUNTERCLAIM</u>
## (Declaratory Judgment of Non-Infringement of the ’862 Patent)

14. LG re-alleges and incorporates by reference the allegations set forth in the Paragraphs 1-13 of these Counterclaims.

15. A judicial declaration that LG does not infringe the ’862 Patent is necessary and appropriate at this time so that LG can ascertain its rights and duties with respect to the ’862 Patent. LG has no adequate remedy at law.

16. LG has not infringed and does not infringe, either directly or indirectly, by inducement or contributorily, willfully, or otherwise, any valid and enforceable claim of the ’862 Patent, either literally or by the doctrine of equivalents.

17. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and Title 35 of the United States Code, LG therefore requests a judicial

declaration that it has not directly infringed, and does not directly infringe, contribute to infringement of, or actively induce others to infringe any valid and enforceable claim of the ’862 Patent, either directly or indirectly, individually, or jointly, or literally or under the doctrine of equivalents.

**THIRD COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the ’450 Patent)**

18. LG re-alleges and incorporates by reference the allegations set forth in the Paragraphs 1-17 of these Counterclaims.

19. A judicial declaration that LG does not infringe the ’450 Patent is necessary and appropriate at this time so that LG can ascertain its rights and duties with respect to the ’450 Patent. LG has no adequate remedy at law.

20. LG has not infringed and does not infringe, either directly or indirectly, by inducement or contributorily, willfully, or otherwise, any valid and enforceable claim of the ’450 Patent, either literally or by the doctrine of equivalents.

21. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and Title 35 of the United States Code, LG therefore requests a judicial declaration that it has not directly infringed, and does not directly infringe, contribute to infringement of, or actively induce others to infringe any valid and enforceable claim of the ’450 Patent, either directly or indirectly, individually, or jointly, or literally or under the doctrine of equivalents.

**FOURTH COUNTERCLAIM**
**(Declaratory Judgment of Non-Infringement of the ’156 Patent)**

22. LG re-alleges and incorporates by reference the allegations set forth in the Paragraphs 1-21 of these Counterclaims.

23. A judicial declaration that LG does not infringe the ’156 Patent is necessary and appropriate at this time so that LG can ascertain its rights and duties with respect to the ’156 Patent. LG has no adequate remedy at law.

24. LG has not infringed and does not infringe, either directly or indirectly, by inducement or contributorily, willfully, or otherwise, any valid and enforceable claim of the ’156 Patent, either literally or by the doctrine of equivalents.

25. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and Title 35 of the United States Code, LG therefore requests a judicial declaration that it has not directly infringed, and does not directly infringe, contribute to infringement of, or actively induce others to infringe any valid and enforceable claim of the ’156 Patent, either directly or indirectly, individually, or jointly, or literally or under the doctrine of equivalents.

## FIFTH COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the ’432 Patent)**

26. LG re-alleges and incorporates by reference the allegations set forth in the Paragraphs 1-25 of these Counterclaims.

27. A judicial declaration that LG does not infringe the ’432 Patent is necessary and appropriate at this time so that LG can ascertain its rights and duties with respect to the ’432 Patent. LG has no adequate remedy at law.

28. LG has not infringed and does not infringe, either directly or indirectly, by inducement or contributorily, willfully, or otherwise, any valid and enforceable claim of the ’432 Patent, either literally or by the doctrine of equivalents.

29. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and Title 35 of the United States Code, LG therefore requests a judicial declaration that it has not directly infringed, and does not directly infringe, contribute to infringement of, or actively induce others to infringe any valid and enforceable claim of the ’432 Patent, either directly or indirectly, individually, or jointly, or literally or under the doctrine of equivalents.

## SIXTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the ’435 Patent)

30. LG re-alleges and incorporates by reference the allegations set forth in the Paragraphs 1-29 of these Counterclaims.

31. A judicial declaration that LG does not infringe the ’435 Patent is necessary and appropriate at this time so that LG can ascertain its rights and duties with respect to the ’435 Patent. LG has no adequate remedy at law.

32. LG has not infringed and does not infringe, either directly or indirectly, by inducement or contributorily, willfully, or otherwise, any valid and enforceable claim of the ’435 Patent, either literally or by the doctrine of equivalents.

33. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and Title 35 of the United States Code, LG therefore requests a judicial declaration that it has not directly infringed, and does not directly infringe, contribute to infringement of, or actively induce others to infringe any valid and enforceable claim of the ’435 Patent, either directly or indirectly, individually, or jointly, or literally or under the doctrine of equivalents.

## SEVENTH COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the ’792 Patent)

34. LG re-alleges and incorporates by reference the allegations set forth in the Paragraphs 1-33 of these Counterclaims.

35. A judicial declaration that LG does not infringe the ’792 Patent is necessary and appropriate at this time so that LG can ascertain its rights and duties with respect to the ’792 Patent. LG has no adequate remedy at law.

36. LG has not infringed and does not infringe, either directly or indirectly, by inducement or contributorily, willfully, or otherwise, any valid and enforceable claim of the ’792 Patent, either literally or by the doctrine of equivalents.

37. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and Title 35 of the United States Code, LG therefore requests a judicial declaration that it has not directly infringed, and does not directly infringe, contribute to infringement of, or actively induce others to infringe any valid and enforceable claim of the ’792 Patent, either directly or indirectly, individually, or jointly, or literally or under the doctrine of equivalents.

**<u>EIGHTH COUNTERCLAIM</u>**

**(Declaratory Judgment of Non-Infringement of the ’285 Patent)**

38. LG re-alleges and incorporates by reference the allegations set forth in the Paragraphs 1-37 of these Counterclaims.

39. A judicial declaration that LG does not infringe the ’285 Patent is necessary and appropriate at this time so that LG can ascertain its rights and duties with respect to the ’285 Patent. LG has no adequate remedy at law.

40. LG has not infringed and does not infringe, either directly or indirectly, by inducement or contributorily, willfully, or otherwise, any valid and enforceable claim of the ’285 Patent, either literally or by the doctrine of equivalents.

41. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and Title 35 of the United States Code, LG therefore requests a judicial declaration that it has not directly infringed, and does not directly infringe, contribute to infringement of, or actively induce others to infringe any valid and enforceable claim of the ’285 Patent, either directly or indirectly, individually, or jointly, or literally or under the doctrine of equivalents.

**<u>NINTH COUNTERCLAIM</u>**

**(Declaratory Judgment of Invalidity of the ’842 Patent)**

42. LG re-alleges and incorporates by reference the allegations set forth in the Paragraphs 1-41 of these Counterclaims.

43. A judicial declaration that the ’842 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that LG can ascertain its rights and duties with respect to the ’842 Patent. LG has no adequate remedy at law.

44. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and Title 35 of the United States Code, LG therefore requests a judicial declaration that one or more claims of the ’842 Patent are invalid and/or unenforceable at least because they fail to satisfy one or more conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

**TENTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the ’862 Patent)**

45. LG re-alleges and incorporates by reference the allegations set forth in the Paragraphs 1-44 of these Counterclaims.

46. A judicial declaration that the ’862 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that LG can ascertain its rights and duties with respect to the ’862 Patent. LG has no adequate remedy at law.

47. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and Title 35 of the United States Code, LG therefore requests a judicial declaration that one or more claims of the ’862 Patent are invalid and/or unenforceable at least because they fail to satisfy one or more conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

**ELEVENTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the ’450 Patent)**

48. LG re-alleges and incorporates by reference the allegations set forth in the Paragraphs 1-47 of these Counterclaims.

49. A judicial declaration that the ’450 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that LG can ascertain its rights and duties with respect to the ’450 Patent. LG has no adequate remedy at law.

50. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and Title 35 of the United States Code, LG therefore requests a judicial declaration that one or more claims of the ’450 Patent are invalid and/or unenforceable at least because they fail to satisfy one or more conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

**TWELFTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the ’156 Patent)**

51. LG re-alleges and incorporates by reference the allegations set forth in the Paragraphs 1-50 of these Counterclaims.

52. A judicial declaration that the ’156 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that LG can ascertain its rights and duties with respect to the ’156 Patent. LG has no adequate remedy at law.

53. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and Title 35 of the United States Code, LG therefore requests a judicial declaration that one or more claims of the ’156 Patent are invalid and/or unenforceable at least because they fail to satisfy one or more conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

**<u>THIRTEENTH COUNTERCLAIM</u>**
**(Declaratory Judgment of Invalidity of the '432 Patent)**

54. LG re-alleges and incorporates by reference the allegations set forth in the Paragraphs 1-53 of these Counterclaims.

55. A judicial declaration that the '432 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that LG can ascertain its rights and duties with respect to the '432 Patent. LG has no adequate remedy at law.

56. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and Title 35 of the United States Code, LG therefore requests a judicial declaration that one or more claims of the '432 Patent are invalid and/or unenforceable at least because they fail to satisfy one or more conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

**<u>FOURTEENTH COUNTERCLAIM</u>**
**(Declaratory Judgment of Invalidity of the '435 Patent)**

57. LG re-alleges and incorporates by reference the allegations set forth in the Paragraphs 1-56 of these Counterclaims.

58. A judicial declaration that the '435 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that LG can ascertain its rights and duties with respect to the '435 Patent. LG has no adequate remedy at law.

59. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and Title 35 of the United States Code, LG therefore requests a judicial declaration that one or more claims of the '435 Patent are invalid and/or unenforceable at least because they fail to satisfy one or more conditions of

patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

**FIFTEENTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the ’792 Patent)**

60. LG re-alleges and incorporates by reference the allegations set forth in the Paragraphs 1-59 of these Counterclaims.

61. A judicial declaration that the ’792 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that LG can ascertain its rights and duties with respect to the ’792 Patent. LG has no adequate remedy at law.

62. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and Title 35 of the United States Code, LG therefore requests a judicial declaration that one or more claims of the ’792 Patent are invalid and/or unenforceable at least because they fail to satisfy one or more conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

**SIXTEENTH COUNTERCLAIM**
**(Declaratory Judgment of Invalidity of the ’285 Patent)**

63. LG re-alleges and incorporates by reference the allegations set forth in the Paragraphs 1-62 of these Counterclaims.

64. A judicial declaration that the ’285 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code is necessary and appropriate at this time so that LG can ascertain its rights and duties with respect to the ’285 Patent. LG has no adequate remedy at law.

65. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and Title 35 of the United States Code, LG therefore requests a judicial declaration that one or more claims of the ’285 Patent are invalid and/or

unenforceable at least because they fail to satisfy one or more conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112, the non-statutory doctrine of double patenting, and the rules, regulations, and laws pertaining thereto.

## LG'S PRAYER FOR RELIEF

WHEREFORE, LG respectfully prays that this Court enter judgment in LG's favor against BNR and requests the following relief:

A. A complete denial of BNR's requests for damages, costs, attorney fees, injunction, and any other form of relief;

B. That all claims in BNR's Complaint be dismissed with prejudice;

C. That BNR take nothing by reason of its Complaint;

D. That judgment be rendered in favor of LG;

E. A declaration that LG has not infringed, contributed to the infringement of, or induced others to infringe, willfully, literally or under the doctrine of equivalents, any valid claim of the Asserted Patents;

F. A declaration that all claims of the Asserted Patents are invalid and/or unenforceable;

G. That BNR, and all persons acting on its behalf or in concert with it, be permanently enjoined and restrained from charging, orally or in writing, that the Asserted Patents are infringed by LG or LG's customers, directly or indirectly;

H. That LG be awarded its reasonable attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 285;

I. An award to LG of its costs and disbursements in defending this action brought by BNR; and

J. That LG be awarded such other equitable or legal relief as is just and proper.

**JURY DEMAND**

LG hereby demands a trial by jury on all issues properly triable to a jury.

Dated: September 4, 2019

Respectfully submitted,

By: */s/ Joanna M. Fuller*

Joanna M. Fuller (SBN 266406)
jfuller@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: (858) 678-5070/ Fax: (858) 678-5099

Christian Chu (SBN 218336)
chu@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue SW
Washington, D.C. 20024
Phone: (202) 783-5070/ Fax: (202) 783-2331

***Attorneys for Defendant LG Electronics Inc., LG Electronics U.S.A., Inc., and LG Electronics Mobile Research U.S.A., LLC***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system pursuant to Local Rule 5.4(d).

Dated: September 4, 2019 *<u>/s/ Joanna M. Fuller</u>*